**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfonso Raymond Salazar,<br><br>Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>Respondents. | No. CV-96-00085-TUC-FRZ<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

Before the Court are Respondents' Motions to Preclude *Strickland* Experts (Doc. 299) and Evidence of William Redondo's Reputation, Disciplinary Records, and Criminal History (Doc. 300). Petitioner opposes the instant motions. (Docs. 301, 302.) On August 9, 2017, the Court heard argument on these motions in addition to objections to several of the parties proposed exhibits.

Salazar has provided notice of two witnesses, Russell Stetler and Tim Ford, who will testify as experts on the prevailing professional norms for a capital mitigation investigation at the time of Petitioner's trial and post-conviction proceedings. (*See* Doc. 292.) Respondents move to preclude these experts or any other witnesses from presenting opinions regarding the adequacy of the mitigation investigations or presentations by trial counsel William Redondo and Patrick Hurd, and post-conviction counsel Fred Dardis. (Doc. 299.) Additionally, Salazar has identified exhibits containing the declarations and curriculum vitae of the *Strickland* experts and several documents that Salazar proposes to introduce through these experts. (*See* Doc. 305, Exs. 111, 164, 177–179, 182–184.) Respondents object to these exhibits for the same reasons they object to the testimony of

these witnesses. (Doc. 293.)

In assessing the reasonableness of counsels' investigation and presentation of mitigation, the Court must assess counsels' performance in the context of "'prevailing professional norms,' . . . which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 688–89 (1984)). The Court is fully qualified to understand and apply the legal analysis required by *Strickland* and it is within the Court's discretion to allow or exclude proposed expert testimony concerning a legal standard of care. *Williams v. Woodford*, 384 F.3d 567, 613 n. 17 (9th Cir. 2004) (holding that rejection of a proposed *Strickland* expert was not a prejudicial abuse of discretion); *LaGrand v. Stewart*, 133 F.3d 1253, 1271 n. 8 (9th Cir. 1998)("[T]here is no requirement that expert testimony of outside attorneys be used to determine the appropriate standard of care."). The Court finds that expert testimony on the issue of the prevailing professional norms at the time of Petitioner's trial and post-conviction proceedings may be helpful and will therefore allow expert testimony on this subject. *See Earp v. Cullen*, 623 F.3d 1065, 1075 (9th Cir. 2010) (upholding District Court's decision to allow expert testimony regarding "what counsel should have done" but precluding expert from opining on the adequacy of trial counsel's performance). The Court will, however, exercise its discretion to preclude expert testimony on the subject of the adequacy of trial counsel's performance and any resulting prejudice therefrom. Respondents' objections to the related exhibits on the same grounds are overruled. To the extent the declarations contain statements regarding the experts' opinions on issues other than the prevailing professional norms, the Court will disregard them. Finally, the Court will deny Respondents' request to limit Salazar to one *Strickland* expert, but hereby provides notice that duplicative or cumulative testimony by a second expert will not be allowed.

Next, Salazar has disclosed evidence of trial counsel William Redondo's disciplinary history and criminal conduct. (*See* Doc. 305; Exs 76–77.) Respondents move

1 to preclude evidence of trial counsel Redondo's poor reputation, disciplinary history, and criminal conduct unrelated to his representation of Salazar and object to identified supporting exhibits. (Docs. 293, 300.) Respondents assert this evidence is irrelevant to the question whether Redondo effectively represented Salazar, and is more prejudicial than probative. *See* Fed. R. Evid. 401–403. Additionally, Respondents contend that Redondo's alleged misconduct in other cases, if offered to show he made similar mistakes in Salazar's case, would constitute inadmissible other-act evidence under Rule 404(b) of the Federal Rules of Evidence.

In response, Salazar contends that a demonstration of a pattern of misconduct exhibited by prior counsel in his bar records, which exhibits a complete indifference to his clients and a failure to protect his clients' interests, can be used to directly refute the state's argument that prior counsel's decisions were strategic. In support of this argument, Salazar cites *Sanders v. Ratelle*, 21 F.3d 1446 (9th Cir. 1994). In *Sanders*, the Ninth Circuit considered the bar records of prior counsel as evidence of a "course of conduct demonstrating a complete indifference to [prior counsel's] legal and ethical duties, to the great detriment of his clients." *Id.* at 1460. The Court found that the evidence of prior counsel's pattern of misconduct directly refuted the state's argument that counsel's poor performance was based on a strategic decision about how best to represent his client. *Id.*

Subsequently, however, the Ninth Circuit has explained that "*Sanders* does not hold that prior instances of misconduct or unrelated complaints to state bar associations should ordinarily be admitted as evidence that an attorney acted incompetently or that otherwise presumptively reasonable decisions were actually made due to general disinterest or other impermissible reasons. Indeed, *Sanders* did not concern the admissibility of such evidence at all." *Bonin v. Calderon*, 59 F.3d 815, 828 (9th Cir. 1995). The essential inquiry is whether the petitioner received objectively reasonable and conflict-free representation. *Id.* Evidence that an attorney has acted inappropriately in unrelated cases has little probative value and may therefore be properly excluded pursuant to Federal Rule of Evidence 403. *Id.* Additionally, prior acts of misconduct by

an attorney are inadmissible to support to support a claim that counsel must have acted similarly in a particular case. *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). The Court finds that the evidence Salazar seeks to admit is unrelated to counsel's performance in the present matter. Accordingly, the Court grants Respondents motion to preclude evidence of Redondo's reputation, disciplinary history and criminal conduct. The Court will uphold Respondents' objections to Exhibits 76 and 77. Accordingly,

**IT IS THEREFORE ORDERED** that Respondents' Motion to Preclude *Strickland* Experts (Doc. 299) is **GRANTED IN PART.** The Court precludes testimony from Petitioner's *Strickland* experts on issues other than the relevant prevailing professional norms.

**IT IS FURTHER ORDERED** that Respondents' objections to Exhibits 111, 164, 177–179 and 182–184 are **OVERRULED.**

**IT IS FURTHER ORDERED** that Respondents' Motion to Preclude Evidence of William Redondo's Reputation, Disciplinary Records, and Criminal History (Doc. 300) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents' objections to Exhibits 76 and 77 are **SUSTAINED.**

Dated this 10th day of August, 2017.

_____
Honorable Frank R. Zapata
Senior United States District Judge